J. W. SHAW ET AL., APPELLANTS, V. GURLEY A. ALEXANDER, APPELLEE.

FILED DECEMBER 24, 1913. No. 18,133.

1. **Municipal Corporations: ORDINANCES: ENACTMENT: EVIDENCE.** The silence of the record of a village board is not conclusive evidence of the nonexistence of a fact which should be recorded in enacting an ordinance.

2. ———: ———: PROOF. The passage of an ordinance may be proved by common law methods, unless otherwise provided by statute.

3. **Intoxicating Liquors: LICENSE: PETITIONERS: RESIDENCE.** The residence of a person, for the purpose of testing his qualifications as a petitioner for a saloon license, is where he has his established

home, the place where he is habitually present, and to which, when he departs, he intends to return.

4. **Appeal**: BRIEFS. On appeal, an assertion by appellant that the evidence sustains an assignment of error may be disregarded, where no reference is made in his brief to the pages or to the places in the record where such evidence may be found.

APPEAL from the district court for Pawnee county: JOHN B. RAPER, JUDGE. *Affirmed.*

*J. C. Dort,* for appellants.

*Hazlett & Jack* and *Walter A. Vasey, contra.*

ROSE, J.

The validity of a license authorizing Gurley A. Alexander to sell intoxicating liquors in the village of Table Rock for the municipal year ending May 1, 1914, is assailed in this proceeding. Alexander presented his petition to the village board. Howard P. Young and others filed a remonstrance. After a hearing a license was granted. Remonstrators appealed to the district court, where they were again defeated. By appeal from the judgment sustaining the action of the village board the attack on the license is here renewed.

Remonstrators assert there is no valid ordinance authorizing the issuance of the license and that therefore it is void. Such an ordinance was introduced in evidence, but it is attacked as invalid because the record of the village board fails to show that it was read the third time and passed as required by law. The village board and the district court upheld the ordinance, and it is not affirmatively shown that they were in error. "The silence of the legislative journals is not conclusive evidence of the nonexistence of a fact, which ought to be recorded therein, regarding the enactment of a law." *State v. Frank,* 60 Neb. 327; *State v. Dean,* 84 Neb. 344. The passage of an ordinance may be proved by common law methods. *Johnson v. Finley,* 54 Neb. 733; *Van Valkenberg v. Rutherford,*

92 Neb. 803. What is shown by the records of the village board and by other evidence sustains the trial court's ruling.

It is further argued that the license is void because licensee's petition is not signed by 30 resident freeholders of the village. Thirty-three names appear upon the petition. The. parties stipulated that 23 of the petitioners were qualified. Among those not included in the stipulation, but who signed the petition, are the following: William Petraska, A. R. Wopata, Steve George, Christina George, James Fritch, Frank L. Fencl, and Mrs. Frank L. Fencl or Mattie Fencl. If the record shows that seven of those named are legal signers, the trial court properly held the petition to be sufficient.

The qualifications of Petraska are clearly shown by the evidence and are not seriously controverted by remonstrators. The same may be said of Wopata.

There is a dispute about the Christian names of the Georges. Remonstrators call them "Sue and Chestney." Licensee says they are "Steve and Christina." The signatures themselves do not decide the controversy, but there is evidence that Steve George and Christina George, who are husband and wife, signed the petition when they owned a lot in Table Rock, and that they have resided there four or five years. The county clerk's certified copy of a recorded deed conveying the lot to them is in the record. It is clearly shown that they are "freeholders" within the meaning of the word as used in the statute. It is asserted that they are Gipsies, and not residents. While it is shown that they have a camping outfit and travel in the summer, and that the husband trades horses, the evidence is direct and positive that their house in Table Rock is furnished the year round, and that they spend their winters there and reside there. The residence of a person is where he has his established home, the place where he is habitually present, and to which, when he departs, he intends to return. *Berry v. Wilcox*, 44 Neb. 82; *Wood v. Roeder*, 45 Neb. 311. Except for proof of the temporary

Shaw v. Alexander.

absence of the Georges and of their mode of life, the evidence that they reside in Table Rock is uncontradicted. It is sufficient to show that they are qualified petitioners.

It is conceded that James Fritch is a freeholder, but his residence is challenged. It is insisted that he resides on a farm in Pawnee county outside of the village. The evidence shows that he has lived in Pawnee county 45 years; that three days before he signed the petition he bought a home in town, paid for it, and moved into it; that he afterward spent the nights in town and the days on his farm; that he did not move to town for the purpose of qualifying himself to sign a petition for a license; and that he had made up his mind a year before to change his residence from the farm to the village. A banker, who participated in the negotiations for the purchase of the village property, said Fritch had been talking for two years of moving to town. The evidence tending to show Fritch's intention to reside in Table Rock, where he in fact moved, carries conviction.

Frank L. Fencl and wife seem to be challenged because they were not freeholders when they signed the petition and because they acquired title to real estate for the purpose of qualifying themselves as petitioners for a saloon license. Remonstrators make no reference to the pages or to the places in the record where evidence relating to these issues may be found, though the testimony is voluminous. In this respect there is disregard of court rules. Under the circumstances, time to which other litigants are entitled will not be devoted to the sifting of a large volume of testimony to see if the assertions of remonstrators are correct and if the judgment of the trial court is erroneous.

The 23 petitioners to which no objections were made and the 7 others named make the 30—the requisite number. A place in the record containing error has not been pointed out. The judgment below is therefore

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.