IN RE ESTATE OF GEORGE W. MATTINGLY.
NORA MATTINGLY BURNHAM ET AL., APPELLANTS, V.
CHARLES W. BENNISON ET AL., APPELLEES.

FILED APRIL 17, 1931. No. 27593.

*James E. Brittain* and *Frederick M. Deutsch,* for appellants.

*Coufal & Shaw, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an appeal by Nora Mattingly Burnham et al., who are the sole and only heirs of George W. Mattingly, deceased, from an order made and entered on the 12th day of May, 1930, in the district court for Butler county, sustaining their motions to dismiss certain proceedings then and there pending as an appeal from the county court of Butler county.

One of these motions was directed against the appeal so far as prosecuted by Charles O. Crosthwaite, the other

was directed against the appeal as prosecuted by all of the appellants in the district court, "for the reason that no final and appealable order was entered therein against the said defendants or either of them, and for the further reason that the district court for Butler county, Nebraska does not have jurisdiction of the same."

There appears no irregularity in the record so far as taking the appeal and lodging the same in the district court in turn. All parties interested having made due appearance in the county court and by pleading submitted their claims, it is obvious that the words of the motion, "for the further reason that the district court for Butler county, Nebraska, does not have jurisdiction of the same," must be deemed to be a challenge to that court's right to proceed in the case, based upon a claim of no jurisdiction of the subject-matter vested in the district court by the lodging of the appeal therein.

It is unquestionably true that in an appeal from the county court to the district court the jurisdiction of the district court over the subject-matter is dependent upon and limited by the jurisdiction of the county court. *Redell v. City of Omaha*, 80 Neb. 178; *Stone v. Blanchard*, 87 Neb. 1.

The motions thus tendered in behalf of the appellants in this court (appellees in the district court) were sustained as made. In the order sustaining these motions appears incorporated a finding of the trial court to the effect that the district court was vested with no jurisdiction over the subject of the action, because of a like lack of jurisdiction of the county court from which the appeal was prosecuted. It is thus disclosed by the record that what was done was done at the request of the appellants here; and the results which ensued were necessarily within the purpose of the action which they took. It is obvious that under these conditions the appellants may not predicate error on the record before us, even if in truth error has been committed. We have long been committed to the doctrine: "The party moving an erroneous order, as the dismissal of an action, has no right to complain of it, nor

of the consequences resulting therefrom." *Campbell v. Crone,* 10 Neb. 571. The case of *Norwegian Plow Co. v. Bollman,* 47 Neb. 186, is also an authority for the principle just above quoted.

In *Missouri P. R. Co. v. Fox,* 60 Neb. 531, this court held: "It is a sound and salutary principle that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about." See, also, *Storm v. Holmes,* 2 Neb. (Unof.) 16.

There is no error in the record of which appellants can rightfully complain, and the judgment of the trial court is

AFFIRMED.