EMMA CORR, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED JANUARY 22, 1932. No. 27965.

*John F. Moriarty, Bernard J. Boyle* and *Thomas J. O'Brien,* for appellant.

*O'Sullivan & Southard, contra.*

Heard before ROSE, GOOD and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

CHAPPELL, District Judge.

The City of Omaha appeals from the verdict of a jury and a judgment rendered thereon awarding appellee, Emma Corr, $9,500 as damages for the appropriation of certain real estate belonging to appellee for the purpose of extending its system of parks and boulevards.

The only assignments of error relied upon in this court are (1) that the verdict is not sustained by sufficient evidence; (2) that the damages are excessive.

Ordinarily, the damages are for the determination of the jury, and it is with the greatest reluctance the courts will, in a manner, substitute their judgment for that of a jury. However, at an early period this court said: "To justify an interference with the finding of a court or jury, the preponderance of evidence must be clear, obvious and decided; but when the preponderance is so great, it is the duty of the reviewing court to correct the mistake." *Fried v. Remington,* 5 Neb. 525. This court has consistently adhered to that position, and only recently has said: "Where the verdict of a jury is clearly against the weight and reasonableness of the evidence, it will be set aside and a new trial granted." *Bentley v. Hoagland,* 94 Neb. 442; *Stewart v. City of Lincoln,* 114 Neb. 362. In the case of *Stewart v. City of Lincoln, supra,* Morrissey, C.J., in his opinion, says: "This court may be reluctant to disturb the findings of a jury, nevertheless, it has never refused so to do, where to sustain the verdict palpable injustice would result."

This court and courts in other jurisdictions have said that when a verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts that it shocks the sense of justice and raises at once a strong presumption that it is based on prejudice, passion, or mistake, rather than on sober judgment, the appellate court should not hesitate to set it aside or direct a remittitur, even though the trial court has refused to do so. 2 R. C. L. 199, sec. 170; *Kurpgeweit v. Kirby,* 88 Neb. 72; *Garfield v. Hodges & Baldwin,* 90 Neb. 122; *Tyler v.*

*Hoover,* 92 Neb. 221; *Burge v. Adams Co.,* 98 Neb. 4; *In re Estate of O'Connor,* 105 Neb. 88; *Trute v. Holden,* 118 Neb. 449; *Wiles v. Department of Public Works,* 120 Neb. 689.

Without setting forth the evidence in detail or commenting particularly thereon, it is the opinion of this court, after careful examination of the evidence and the authorities, that a clear preponderance of the evidence shows that damages in the sum of $9,500 are excessive to the extent of $3,000.

For the reason above stated, the judgment should be reversed, and this will be done unless the appellee shall, within 30 days, remit the sum of $3,000, leaving a judgment for $6,500.

AFFIRMED ON CONDITION.