A. B. GORDON, APPELLEE, v. ROSAMOND CLARK, APPELLANT.

FILED JANUARY 28, 1932.   No. 27911.

*R. M. Switzler,* for appellant.

*Cranny & Moore, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

RYAN, District Judge.

On October 29, 1929, A. B. Gordon recovered a judgment against Rosamond Clark in the circuit court of Nodaway county, Missouri.   On July 5, 1930, he commenced an action in the district court for Douglas county, Nebraska, on the foreign judgment.   At that time Rosamond Clark was a resident of Missouri and service was secured by attaching certain money in the hands of one A. M. Anderson, who, at that time, had money in her possession claimed belonging to the defendant, Rosamond Clark.   It appears that Rosamond Clark had commenced an action against A. M. Anderson and others to obtain this money.   ·Other

parties intervened and claimed the money or a part thereof. It also appears from the transcript that the plaintiff in this action, A. B. Gordon, was, by order of court, brought into this other action as an intervener, and on September 12, 1930, the court entered an order, sustaining the garnishment of the plaintiff, A. B. Gordon, finding against the claims of the other interveners, and further finding that the defendant, A. M. Anderson, had in her possession the sum of $1,550, which was the property of Rosamond Clark, and further ordering A. M. Anderson, the garnishee, to pay said sum to the clerk of the court, "to be held subject to and applied on any judgment rendered in favor of A. B. Gordon and against Rosamond Clark in the case shown in Appearance Docket 264, No. 65."

There is no bill of exceptions in this case and the transcript is incomplete. It appears, however, from the briefs and the statements of counsel, that this order, so far as the payment of the moneys into court, was made in pursuance of a stipulation of the parties to this action. The stipulation does not appear in the transcript.

The defense interposed by the appellant, Rosamond Clark, who for the sake of convenience will be referred to as the defendant, admitted the allegations of plaintiff's petition in regard to the securing of the Missouri judgment and the amount thereof, and alleged that the judgment sued on is a deficiency judgment, growing out of the foreclosure of a deed of trust in Missouri. It further alleges that, at the time of the execution of the note described in plaintiff's petition, defendant was a married woman, being the wife of Fred H. Clark, one of the makers of said note; that the property sought to be reached by the plaintiff herein, namely the sum of $1,550 on deposit with the clerk of court, is property acquired by defendant after the execution of said note and mortgage, said money being proceeds from the sale of a farm owned by her in the state of Nebraska since April 12, 1929, and that, as such, it is not subject to seizure by the plaintiff. The answer also pleads section 7323 of the Revised Statutes of Mis-

souri for 1919, as follows: "A married woman shall be deemed a femme sole so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party: Provided, a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property." Upon trial of the case on November 3, 1930, judgment was rendered in favor of the plaintiff upon the Missouri judgment in the sum of $3,898.21.

On November 5, 1930, the defendant filed a motion in the district court, setting up the facts alleged in her answer and including section 7323 of the Revised Statutes of Missouri for 1919, and moved the court for an order releasing to her the sum of $1,550, held by the clerk of court under the order of September 12, 1930, pursuant to the stipulation of the parties. November 15, 1930, the plaintiff, A. B. Gordon, filed a motion, asking the court to strike the motion of the defendant for the reason that the same is immaterial, and for an order directing the clerk of court to pay to the plaintiff the $1,550, in his possession pursuant to the stipulation entered into in the case of Clark v. Anderson. The motion further sets out section 7328 of the Revised Statutes of Missouri for 1919, as follows: "All real estate and any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or has grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under

her sole control, and shall not be liable to be taken by any process of law for the debts of her husband. This section shall not affect the title of any husband to any personal property reduced to his possession with the express assent of his wife: Provided, that said personal property shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care or protection thereof, but the same shall remain her separate property, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sell, incumber or otherwise dispose of the same for his own use and benefit, but such property shall be subject to execution for the payments of the debts of the wife contracted before and during marriage, and for any debt or liability of her husband created for necessaries for the wife or family; and any such married woman may, in her own name and without joining her husband, as a party plaintiff institute and maintain any action, in any of the courts of this state having jurisdiction, for the recovery of any such personal property, including rights in action, as aforesaid, with the same force and effect as if such married woman was a femme sole: Provided, any judgment for costs in any such proceeding rendered against any such married woman, may be satisfied out of any separate property of such married woman subject to execution: Provided, that before any such execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action, and all questions involved shall have been therein determined, and shall be recited in the judgment and the execution thereon." December 29, 1930, the court sustained the plaintiff's motion to strike the defendant's motion and ordered the moneys held by the clerk of the district court for Douglas county to be paid to the plaintiff. From this order the defendant, Rosamond Clark, appeals to this court.

Appellant contends that although the validity of a contract is to be determined by the laws of the place where it is made, or by the law of the place of performance, the

remedy for the enforcement of the judgment is governed by the law of the place where the remedy is being sought. She contends that, inasmuch as the law of Nebraska will not permit the after acquired property of a married woman to be subjected to the payment of a judgment on a debt contracted prior to the acquisition of the property, the money in the hands of the clerk of the district court for Douglas county cannot be reached for the payment of this judgment. However, there is nothing before us to show that the money involved herein is the proceeds of after acquired property, except the statement in appellant's motion, which, of course, is no proof of the averment.

But, whatever the facts may be in that regard, it appears from the record that the appellant stipulated with the appellee, in the case of Clark v. Anderson, that the money involved in this action, to wit, the sum of $1,550, and which was the subject of the garnishment in said action, should be paid to the clerk of the district court for Douglas county, "to be held subject to and applied on any judgment rendered in favor of A. B. Gordon and against Rosamond Clark in the case shown in Appearance Docket 264, No. 65." If, therefore, there was any error in the order of the court which was appealed from, it is apparent that the appellant herself invited it, when she entered into the stipulation above referred to. It has been repeatedly held, and is the law of this state, that a party cannot invite, urge and consent to an order and judgment and then later complain of the alleged error so invited. *In re Estate of Mattingly*, 121 Neb. 90; *Campbell v. Crone*, 10 Neb. 571; *Missouri P. R. Co. v. Fox*, 60 Neb. 531.

. This seems to be conclusive of the issues raised in this appeal, and it is unnecessary to decide the other questions raised. The judgment of the district court was correct and is

AFFIRMED.