KELLEY W. TUCKER, APPELLEE, V. PAXTON & GALLAGHER COMPANY, A CORPORATION, APPELLANT.

41 N. W. 2d 911

Filed March 30, 1950. No. 32754.

*Kennedy, Holland, DeLacy & Svoboda,* and *Edwin Cassem,* for appellant.

*Charles A. Nye, William Comstock,* and *Schall, Robinson, Hruska & Garvey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Kelley W. Tucker, plaintiff and appellee, against Paxton & Gallagher Company, a corporation, defendant and appellant, to recover under the Workmen's Compensation Act for alleged accidental

injuries sustained by plaintiff on May 17, 1948, while he was engaged as an employee of the defendant. A judge of the workmen's compensation court, on hearing, dismissed the action. From the dismissal an appeal was taken to the district court where a trial was had. In the district court an award was rendered in favor of plaintiff for $18 a week for 55 weeks for temporary total disability and for $201.20 for medical and hospital expense. From this award the defendant has appealed.

The only question presented by the appeal is that of whether or not the plaintiff sustained an accident which produced the disabilities of which he has complained. The propriety of the amount of the award in the event that it is found that the plaintiff sustained a compensable injury is not brought into question.

Thus it appears that the only question for consideration here is one of evidence or in other words of whether or not the evidence is sufficient to sustain an award for the plaintiff.

From an examination of the record it appears well to point out here, although the subject to be considered is not raised, that after the decree was rendered the defendant filed a motion for new trial which was overruled. The decree was entered on July 25, 1949, and the motion for new trial was overruled October 27, 1949.

One of the stated grounds for a new trial was the following: "That the Decree is not sustained by sufficient evidence."

The only assignments of error on appeal are the following:

"1. The Trial Court erred in holding that an accident occurred.

"2. The Trial Court erred in finding that plaintiff's disabilities were the proximate result of an accident in the employment."

It is apparent that these two assignments are in substance a declaration that the decree is not sustained by sufficient evidence, or a reiteration by limitation and

particularization of the quoted ground of the motion for new trial.

The order overruling the motion for new trial is the following:

"Now, on this day, this cause comes on for hearing on motion of defendant filed herein August 4, 1949, for an order of the Court setting aside the decree and granting defendant a new trial. Whereupon by consent of parties, it is ordered that said motion be and the same hereby is overruled."

By this record it is made to appear that the order overruling the motion for new trial, which motion contained as one of its grounds the same substance as the assignments of error in this court, was overruled by consent of the defendant herein.

Under such circumstances may the defendant be permitted to seek from this court the reversal of action of the district court to which it has given its consent? This it may not do.

The principles involved are well settled by the decisions of this court. It is a well-settled rule that a party may not be heard to complain of error which he has invited. Storm v. Holmes, 2 Neb. (Unoff.) 16, 96 N. W. 73; Farmers Mutual Ins. Co. v. Cole, 4 Neb. (Unoff.) 130, 93 N. W. 730; In re Estate of Mattingly, 121 Neb. 90, 236 N. W. 175; Fonda v. Northwestern Public Service Co., 138 Neb. 262, 292 N. W. 712.

It is also well settled that error may not be assigned upon a ruling or action of the district court made or taken with the consent of the complaining party. Chamberlain v. Brown, 25 Neb. 434, 41 N. W. 284; Union Nat. Bank of Chicago v. Touzalin Improvement Co., 1 Neb. (Unoff.) 116, 95 N. W. 489.

An examination of the application of these principles by this court in cases too numerous to attempt to collect them here leads to the definite conclusion that the defendant by its consent to the overruling of its motion for new trial barred itself from review here of the question of

whether or not the award was sustained by sufficient evidence.

If it should be urged that the appeal is not from the order overruling the motion for new trial but from the decree this can avail the defendant nothing. If the appeal is from the decree and not from the order overruling the motion for new trial then this court has no jurisdiction to entertain it.

The decree, as pointed out, was entered on July 25, 1949, whereas the notice of appeal was not given until November 4, 1949, which was more than three months from the date of rendition of decree, rather than within one month as is required by statute in order to confer jurisdiction. § 25-1912, R. R. S. 1943.

For the reasons herein stated the decree of the district court is affirmed and an attorney's fee in favor of the attorney for plaintiff is allowed in the amount of $250.

AFFIRMED.