THOMAS R. DYER, APPELLEE, V. ROBERT J. ILG, APPELLANT.

57 N. W. 2d 84

Filed February 13, 1953. No. 33272.

*George Evens,* for appellant.

*Frost, Peasinger & Meyers,* and *Harry J. Farnham,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Thomas R. Dyer, brought this action to recover upon an alleged oral contract for material furnished and labor performed upon a seven-room house, property of defendant Robert J. Ilg, in which plaintiff was a tenant. The issues made by plaintiff's petition and traversed by defendant's answer were tried and submitted to a jury, whereupon it awarded plaintiff a verdict for $513.65 upon which judgment was rendered. Defendant's motion for new trial was overruled, and he appealed, assigning substantially: (1) That the verdict

was the result of passion and prejudice because of misconduct by plaintiff's counsel, the trial court, and the jury; (2) that the verdict was not sustained by the evidence but was contrary thereto and contrary to law; and (3) that generally there were errors of law occurring at the trial. We conclude that such assignments have no merit.

In connection with the first assignment, there is nothing whatever in the record upon which to base any charge of misconduct on the part of the trial court and jury. That matter will not be further discussed.

When the situation is analyzed, we also conclude that plaintiff's counsel was guilty of no misconduct. In that connection three incidents are relied upon by defendant. In the first, plaintiff's counsel asked plaintiff a perfectly proper question upon direct examination to which defendant made no objection. However, when the answer was given, it appeared to be on the borderline of admissibility under the issues pleaded, whereupon the court on its own motion so indicated to counsel and said: "Leave that out." Thereupon, plaintiff's counsel asked leave to make further showing, which the court denied, and counsel for defendant said: "I move what he said be stricken, if your Honor please." The court responded, "Yes, it may go out." Plaintiff's counsel replied, "All right, we won't mention it." That was the end of the incident, which could not upon any theory be construed as misconduct of counsel.

Upon the second occasion plaintiff's counsel, in cross-examination of defendant's wife, asked a question with relation to whether or not the house was sold at a profit of $6,000 in December 1950, to which defendant's counsel interposed an objection that the question was "irrelevant and immaterial, prejudicial and self serving." Thereupon plaintiff's counsel started to ask permission to make a showing but was interrupted at the beginning of it, whereupon defendant's counsel said, "Make your offer." In response to such invitation, plaintiff's counsel

then made an offer, to which the court replied: "I don't think that is proper. I will sustain the objection." Defendant's primary complaint is that the statement contained in such offer made by plaintiff's counsel with relation to the question asked and excluded was prejudicial to defendant and that in making it plaintiff's counsel was guilty of misconduct. Contrary to contention of defendant, such matter was never again referred to by plaintiff's counsel in argument or otherwise. As held in Missouri P. Ry. Co. v. Fox, 60 Neb. 531, 83 N. W. 744: "It is a sound and salutary principle that a party can not be heard to complain of an error which he himself has been instrumental in bringing about." See, also, In re Estate of Mattingly, 121 Neb. 90, 236 N. W. 175; Tucker v. Paxton & Gallagher Co., 152 Neb. 622, 41 N. W. 2d 911; Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367. Clearly, counsel for defendant could not invite error and then take advantage of it. In any event, we conclude that plaintiff's counsel was guilty of no misconduct in connection with such second incident.

The third incident occurred while plaintiff's counsel was cross-examining defendant's daughter. In doing so, he inquired whether or not she had testified differently with relation to certain matters when she was a witness in a former trial of this case in the municipal court. In that connection, however, defendant's counsel never made any objection whatever to any of such questions and cannot now complain. In any event, plaintiff's counsel was guilty of no misconduct with relation to such incident.

Defendant also contended that the trial court erred in refusing to permit two of his witnesses, a subsequent purchaser and her son, to testify that the labor performed by plaintiff was worthless because done in an unworkmanlike manner. They were attempting to base such conclusion upon an inspection of the property after plaintiff had vacated it on September 1, 1951, almost a year and one-half after the work had been completed

by plaintiff, and after plaintiff, his wife, and three children had lived in the property continuously during such period. Clearly the evidence was properly excluded as too remote and, as hereinafter observed, it was immaterial since it had no relation to the issues pleaded. Defendant's position in his answer and during the trial was simply that the work was not done by plaintiff as alleged and that in any event defendant had never agreed to pay for it as claimed by plaintiff.

In that connection, plaintiff alleged in his petition substantially as follows: That on or about February 9, 1950, he rented defendant's house as a home for his family; that at that time the house was in a dirty, run-down condition and in general need of repairs and improvements; and that on or about that time plaintiff and defendant entered into an oral agreement whereby plaintiff agreed to paint and repair the premises, modernize the kitchen, and make said premises generally habitable, in consideration of which defendant agreed to furnish the material and reimburse plaintiff for his labor. Plaintiff alleged that he performed his part of the agreement and in doing so worked 316 hours for which $1.50 an hour was a fair and reasonable rate, making a total of $474 due for labor furnished. Plaintiff also alleged that he furnished $39.65 worth of material, and advanced $50 for labor, making a total of $563.65, all of which defendant agreed to pay, but failed, neglected, and refused to do so. In that connection, during the trial plaintiff discovered that the $50 item for labor aforesaid was a duplication, and in open court withdrew his prayer for that item, which left his prayer for a total of $513.65, the amount which the jury awarded him. Contrary to defendant's contention, he could not have been prejudiced by such withdrawal nor by the fact that plaintiff prayed for a larger total amount in the municipal court than he did upon appeal in the district court.

For answer to plaintiff's petition, defendant admitted that plaintiff was a tenant in his house as alleged, on a

monthly basis, but denied that the house was then in a run-down, dirty condition, and in general need of repairs. He then alleged that a few days after plaintiff rented the premises, he requested that defendant purchase some paper and a little paint, and defendant agreed to do so, but he positively refused to pay for any labor. He then denied generally and specifically all other allegations of plaintiff's petition. The case was tried and submitted to the jury on those issues.

Only recently this court reaffirmed that: "In determining the sufficiency of evidence to sustain a verdict it must be considered most favorably to the successful party, any controverted fact resolved in his favor, and he must have the benefit of inferences reasonably deducible from it." Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913.

It is also the rule that: "On appeal in a jury case the function of the Supreme Court is not to weigh the evidence but to determine whether or not there was sufficient evidence to sustain the verdict, and if the evidence is substantial and competent but in conflict and is such that reasonable minds may draw different conclusions therefrom, the verdict will not be set aside." Conley v. Hays, 153 Neb. 733, 45 N. W. 2d 900.

This court has held that: "It will not be presumed that passion and prejudice influence the action of jurors, but it must be affirmatively shown before a verdict will be disturbed." Little v. Loup River Public Power Dist., 150 Neb. 864, 36 N. W. 2d 261, 7 A. L. R. 2d 355.

Finally, it is elementary that: "Where there is no prejudicial error found in the record and the verdict of a jury has sufficient competent evidence to support it, the judgment will be affirmed." Pruitt v. Lincoln City Lines, 147 Neb. 204, 22 N. W. 2d 651. As stated in Bolio v. Scholting, *supra*: "The verdict of a jury, based on conflicting evidence, will not be disturbed unless clearly wrong."

With such rules in mind, we have carefully examined

the record. In doing so, we discover that the evidence adduced upon the issues presented was generally conflicting. As heretofore observed, the issues in such a situation were for determination by the jury. To recite the evidence at length would serve no purpose here and would unduly prolong this opinion. No complaint is made with regard to any instruction given by the court, and it is sufficient for us to say that plaintiff adduced ample competent evidence to support the allegations of his petition and sustain the verdict and judgment thereon.

In the light of the record and the foregoing applicable rules, we conclude that there was no error of record prejudicial to defendant, and that the judgment should be and hereby is affirmed.

AFFIRMED.