VICTOR JOHNSON, APPELLANT, V. EVELYN NATHAN,
APPELLEE.

73 N. W. 2d 398

Filed December 9, 1955. No. 33828.

*Shrout & Brown* and *Brower & Brower,* for appellant.

*Paul I. Manhart,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff sought to recover judgment on three promissory notes totaling the principal sum of

$5,000. Defendant by answer admitted the execution and delivery of the notes, and pleaded payment by the conveyance of real estate and personal property to the plaintiff. Defendant further answered and alleged that plaintiff had agreed to return the notes and failed to do so.

Plaintiff for reply pleaded details and alleged that the conveyances to him by the defendant involved other transactions and had nothing whatever to do with the notes upon which he based his action.

The cause was tried to a jury resulting in a verdict for the defendant.

Plaintiff's motion for a new trial was overruled and judgment was rendered on the verdict. Plaintiff appealed.

We affirm the judgment of the trial court.

Plaintiff's first assignment of error is that the verdict should be set aside because to sustain it would result in a palpable injustice. Plaintiff relies on Stewart v. City of Lincoln, 114 Neb. 362, 207 N. W. 511, and Corr v. City of Omaha, 122 Neb. 323, 240 N. W. 312. Those cases dealt with either gross inadequacy of a verdict or a clearly excessive verdict. They do not apply here.

The case was tried largely on the testimony of the parties. Each testified in support of the allegations of his or her pleadings. The jury accepted the evidence of the defendant.

The rule is that the verdict of a jury based upon conflicting testimony will not be disturbed unless clearly wrong. Pruitt v. Lincoln City Lines, 147 Neb. 204, 22 N. W. 2d 651.

Plaintiff does not point out wherein the evidence fails to support the jury's verdict. The assignment is not sustained.

Plaintiff next contends that the verdict must be set aside because it is based on an inference of sympathy and prejudice. He bases this on the purported fact that the evidence showed the defendant was a widow, resi-

dent of the county where trial was had, whereas he was a resident of a foreign state. He contends also that defendant gave the impression in her evidence of financial difficulties, heavy burdens, etc. which "might have" been sufficient to produce "involuntary sympathy" for the defendant, and "involuntary prejudice" for the plaintiff. Plaintiff does not point out the evidence upon which he relies. See McCoy v. Cunningham, 141 Neb. 708, 4 N. W. 2d 835.

In Shaw v. Alexander, 94 Neb. 774, 144 N. W. 907, it was held: "On appeal, an assertion by appellant that the evidence sustains an assignment of error may be disregarded, where no reference is made in his brief to the pages or to the places in the record where such evidence may be found."

The rule is: "It will not be presumed that passion and prejudice influence the action of jurors, but it must be affirmatively shown before a verdict will be disturbed." Dyer v. Ilg, 156 Neb. 568, 57 N. W. 2d 84.

The assignment is not sustained.

Plaintiff next complains about the court's instructions in three particulars:

First. In stating the pleadings, the trial court "substantially" copied the pleadings. There is no contention that the court did not properly instruct on the issues as disclosed by the evidence. The contention has no merit.

Second. The trial court did not give a cautionary instruction that the pleadings and allegations were not to be regarded as evidence but were simply statements of what the parties claimed. No such instruction was requested.

The giving of a cautionary instruction generally rests within the judicial discretion of the trial court. 88 C. J. S., Trial, § 297 (b), p. 809; 53 Am. Jur., Trial, § 610, p. 480.

The rule is: "It is the duty of the court to submit to the jury under appropriate instructions all issues pre-

sented by the pleadings and supported by evidence." Rice v. American Protective Health & Accident Co., 157 Neb. 256, 59 N. W. 2d 378.

The rule also is: "Instructions must be considered and construed together, and if they are not sufficiently specific in some respects, it is the duty of counsel to offer requests for instructions that will supply the omission, and, unless this is done, the judgment will not ordinarily be reversed for such defects." Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612.

The assignment is not sustained. We do not determine whether or not such an instruction should have been given had it been requested.

Third. The defendant pleaded that plaintiff had agreed orally to return the notes sued on to defendant and had failed to do so. The court so advised the jury in its instructions. Defendant's testimony supported her allegation.

There appears in the transcript a "question of jury" as follows: "Was it established that this Plaintiff did offer to return notes of $2000; $2000; & $1000 to defendant if deed were executed?" The court answered in a signed writing: "This question is for you to determine under the evidence adduced during the trial." The motion for new trial recites that this occurred "after the Jury had gone into chambers." No other showing appears in the record.

Plaintiff contends that this instruction could have misled the jury to believe that that was the only question to be decided. Plaintiff cites no authority for his position.

The rule is that a supplemental instruction is sufficient if it contains a correct statement when considered in connection with the main charge. 89 C. J. S., Trial, § 477, p. 121.

We find no merit in the plaintiff's contention.

During the direct examination, the defendant was asked and testified without objection that plaintiff had

offered to return the notes to her "after the deed was given," "Yesterday afternoon and this morning," and that he then requested defendant to go to the office of plaintiff's attorney. Defendant was then asked, "What did he say?" She answered that plaintiff said "I should offer him five or eight hundred dollars—." On motion of the plaintiff, this answer was stricken and the defendant was admonished by the court not to refer to anything that might be an offer of compromise or settlement. Defendant then testified that plaintiff said "he would return all the notes to me." The court sustained a motion of plaintiff to strike the answer.

Defendant was then asked if plaintiff had offered to return the notes "this morning," and she replied that he had. She was then asked what he had said, and answered, "He said the same thing — I should go with him * * *" to his attorney. The answer was stricken on the motion of plaintiff.

Upon that record plaintiff contends there was prejudicial misconduct of defendant's counsel which requires a reversal and a new trial. He relies on Ashland Land & Livestock Co. v. May, 59 Neb. 735, 82 N. W. 10. The facts and conclusion in that case do not sustain plaintiff's position.

It will be observed that plaintiff did not ask that the jury be admonished, he made no reference to misconduct of counsel, and he did not ask for a mistrial. He proceeded with the trial after the court had sustained his objections.

In Beads v. State, 160 Neb. 538, 71 N. W. 2d 86, we held: "A party may not complain of misconduct of counsel if, with knowledge of such misconduct, he does not ask for a mistrial, but consents to take the chance of a favorable verdict."

The assigned error is not sustained.

The judgment of the trial court is affirmed.

AFFIRMED.