OMAHA FIRE INSURANCE COMPANY v. MAXWELL, SHARP & ROSS COMPANY.

FILED NOVEMBER 21, 1893. No. 5989.

1. **Motion to Dismiss Error Proceeding:** TIME: NOTICE. A motion to dismiss a petition in error on the ground that the record shows the order sought to be reviewed was entered by consent of parties, will not be entertained by this court, when notice of the motion has not been served prior to the expiration of the time fixed by rule 8 for serving briefs in the case.

2. **Orders Made by Consent of Parties:** REVIEW. A party cannot predicate error upon the overruling of a motion for a new trial by the district court, where such order was made in pursuance of the written stipulation of all the parties.

3. ——: ——. An order or judgment which is entered by agreement of parties, and not as the decision of the trial court, will not be reviewed by this court.

ERROR from the district court of Madison county. Tried below before POWERS, J.

*John R. Hays,* for plaintiff in error.

*Mapes & Licey* and *H. C. Brome, contra.*

NORVAL, J.

This action was instituted by defendant in error, a corporation, on a policy of insurance. A verdict was returned for the plaintiff, upon which a judgment was rendered, and on February 11, 1892, the insurance company brought the cause to this court for review by petition in error. Defendant in error has filed a motion to dismiss on the ground that the motion for a new trial in the court below was overruled, and final judgment was entered in the cause by consent of parties. This motion comes too late. Rule 8 of this court provides that "neither motions to dismiss, unless for want of prosecution, nor to strike a bill of exceptions, will be heard, unless notice thereof shall be served upon the opposite party or his attorneys, or the attorney who tried the cause for him in the trial court, at or before the expiration of the time for serving briefs in the case."

Rule 9 reads as follows: "In all cases brought into this court upon error or appeal, the plaintiff in error or appellant shall, at least twenty days prior to the week in which the case shall be entered for hearing, furnish to the opposite party, or to his attorney of record, a printed copy of his brief of points and authorities relied on; and within fifteen days thereafter the defendant in error, or appellee, shall furnish the plaintiff in error or appellant, as the case may be, a printed copy of his brief of points and authorities relied on; and each party shall, before the argument of the cause, file with the clerk of this court six copies of his brief aforesaid, one for each judge of the court and the others for the reporter, and the party bringing the case into this court shall hold the affirmative," etc.

This cause was entered upon the docket with cases from the ninth district, which were set for hearing October 25th. The motion to dismiss was not made until October 24th. Briefs of plaintiff in error on the merits were served and filed long prior to the time they were due by the rule of this court. The motion to dismiss in this case is based upon a matter appearing upon the face of the record, and no notice of the motion having been served prior to the expiration of the time stated in the rule above quoted for serving briefs, the motion to dismiss is therefore overruled.

The record shows that after the filing of the motion for a new trial in this cause in the court below, the parties entered into and filed in that court the following stipulation : "It is hereby stipulated and agreed by and between the plaintiff and the defendant that the motion for a new trial in the above entitled case be taken up by Hon. W. V. Allen, judge, at the June term of the district court of Madison county, Nebraska, and by him overruled."

It also appears that, in pursuance of the terms of the foregoing agreement, the court on the 6th day of June, 1892, overruled the defendant's motion for a new trial of the cause, and judgment was entered upon the verdict of the jury. The ruling or decision complained of was made at the request of the plaintiff in error, and to now permit it to assign the same for error would be a violation of the plainest principles of law. A party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his consent, or upon his own application. A judgment rendered by consent of all the parties to the suit will not be reviewed on error or appeal. (*Hughes v. Feeter*, 23 Ia., 547; *Chapin v. Perrin*, 46 Mich., 130; *Brick v. Brick*, 65 Mich., 230; *In re Pemberton*, 4 Atl. Rep. [N. J.], 770; *Pemberton v. Pemberton*, 7 Atl. Rep. [N. J.], 642; *Bailey v. Scott*, 47 N. W. Rep. [S. Dak.], 286; *Varn v. Varn*, 32 S. Car., 77; *Conniff v. Kahn*, 54 Cal., 283; *Jackson v. Brown*, 82 Cal.,

275; *Peterson v. Swan*, 119 N. Y., 662; *Lee v. Hassett*, 39 Mo. App., 67; *Herman v. Owen*, 42 Mo. App., 387.)

*Chapin v. Perrin*, 46 Mich., 130, was an appeal from a decree rendered in pursuance of a stipulation of the parties. Cooley, J., in the opinion says: "Appeals bring up for review some action of the court below which is complained of as erroneous. In this case there has been no such action. The chancery court has performed no judicial act whatever, except what is implied in permitting a consent order to be entered. But neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court."

In the case at bar the plaintiff in error, by stipulating that its motion for a new trial should be overruled, was thereby placed in such a position as to preclude itself from taking advantage of the ruling, although erroneous. It cannot now be heard to say that the judgment was erroneous. In reaching this conclusion we have not overlooked, nor failed to give due weight to, the affidavit of counsel for plaintiff in error filed in resistance of the motion to dismiss. The affidavit states, in substance, that Judge Powers presided at the trial, and before the motion for a new trial was passed upon, his term of office expired; that Hon. W. V. Allen, who had been counsel for defendant in error in the trial of the cause, succeeded Judge Powers as judge of the ninth judicial district, and, as Judge Allen was disqualified to rule upon the motion for a new trial, the stipulation was entered into authorizing him to overrule the motion for the sole purpose, thereby the sooner getting the case into this court for decision, and it was so understood at the time by counsel for the respective parties. Doubtless counsel for plaintiff in error did not suppose the signing of the stipulation in question would prevent a review of the case in this court; yet, nevertheless, under the decisions already mentioned, such is the legal effect of the stipulation. It contains no provisions saving

the right to prosecute error.   Had the parties not stipu-
lated what the decision of the court should be upon the
motion, but simply authorized Judge Allen to pass upon
it, then we grant that the ruling might be assigned for er-
ror; but since the order was entered by consent, the error,
if any, is waived.   It follows that the judgment of the
district court must be

AFFIRMED.