NORWEGIAN PLOW COMPANY, APPELLANT, V. REUBEN BOLLMAN ET AL., APPELLEES.

FILED FEBRUARY 18, 1896. No. 6034.

1. **Order by Consent:** REVIEW. A party cannot predicate error upon a ruling which he procured to be made.

2. **Transcripts:** REVIEW. The transcript of appeal is the exclusive evidence of the proceedings in the trial court.

3. **Injunction Enjoining Judgment:** FRAUD: LACHES. A court of equity will not enjoin a judgment at law upon the ground of fraud where it does not appear that such judgment is inequitable, or where it is disclosed that plaintiff has not exercised due diligence in the assertion of his rights.

APPEAL from the district court of Madison county.   Heard below before SULLIVAN, J.

*H. C. Brome* and *R. A. Jones,* for appellant.

*D. A. Holmes, Reese & Gilkeson,* and *Robertson & Wigton, contra.*

NORVAL, J.

This was a suit to enjoin the collection of a judgment of the district court of Madison county rendered in an action at law wherein Reuben Bollman was plaintiff and H. A. Pasewalk and others were defendants, which judgment was affirmed by this court at the January, 1890, term, the opinion being reported in 29 Neb., 519.   The injunction case was dismissed and plaintiff appeals.   The order of dismissal is as follows:

"THE NORWEGIAN PLOW COMPANY

v.

REUBEN BOLLMAN ET AL.

"Now on this 17th day of December, 1892, this cause came on to be heard on the motion of the *plaintiff* for judgment of dismissal upon the issues presented by the pleadings herein filed, and the court being fully advised in the premises sustains said motion, and said cause is dismissed at plaintiff's costs, to all of which rulings and judgment of the court plaintiff at the time excepted," etc.

It will be observed from the foregoing that plaintiff has appealed from an order sustaining his own motion to dismiss the cause.   He having expressly invited this decision to be made, if erroneous, it is his own error, and not the error of the court, and he is thereby precluded from assailing

the ruling. (*Omaha Fire Ins. Co. v. Maxwell*, 38 Neb., 358; *Weander v. Johnson*, 42 Neb., 117.) It may be said the journal entry is incorrect wherein it is stated that the motion to dismiss was made by the plaintiff; that in fact it was defendants' motion. There is nothing in the record to show that such a mistake was made. The motion is not included in the transcript, and the journal entry contains the written approval of the attorneys for the respective parties indorsed thereon, as well as being authenticated by the certificate of the clerk of the trial court. It is well settled that the transcript of appeal is the sole and exclusive evidence of the proceedings in the court below. (*Weander v. Johnson*, 42 Neb., 117; *Dryfus v. Moline, Milburn & Stoddard Co.*, 43 Neb., 233; *Davis v. Snyder*, 45 Neb., 415.) The same result is reached upon a ground less technical. Conceding that plaintiff did not ask the order of dismissal to be made, as counsel in their briefs assume to be the case, yet there must be an affirmance upon the merits, as we shall proceed to show. Before doing this a statement of the issues presented by the pleadings will be necessary to a proper understanding of the case, since the decision was predicated upon them alone.

The petition alleges, in substance, that the defendant Bollman was sheriff of Knox county, and Rothwell was his deputy. The other defendants, Tyrell and Losey, are, respectively, the clerk of the district court and sheriff of Madison county; that the plaintiff recovered certain judgments before a justice of the peace of Knox county against one Fred Fischer, and caused executions to be issued thereon, which were delivered to said Rothwell for collection; that on the same day

plaintiff caused to be executed and delivered to Rothwell an undertaking signed by H. A. Pasewalk, J. S. McClary, and A. P. Pilger, as sureties, for the purpose of indemnifying the sheriff on account of the levy of said executions upon certain goods and chattels, then in the possession of Fischer, but claimed by Deere, Wells & Co. and others. A copy of this bond, as set forth in the petition, is set out in the opinion in 29 Neb., 517, and need not be here given. The petition further avers that the deputy sheriff levied these executions upon, and sold, certain property then in the possession of Fischer, described in Exhibit A, attached to the petition, and applied the proceeds arising from such sale to the payment of plaintiff's judgments; that at the same time Bollman and Rothwell fraudulently and unlawfully, and for the purpose of cheating and defrauding plaintiff, and without his knowledge or consent, or that of the sureties upon the indemnifying bond, took into their possession and converted to their own use certain other property claimed by Deere, Wells & Co., described in Schedule B, attached to the petition, and that no accounting has ever been made to the plaintiff, or said sureties, for the property so taken and converted by said sheriff and his deputy. It is further alleged that subsequently Deere, Wells & Co. brought an action in the circuit court of the United States for the district of Nebraska against said Bollman and the sureties on his official bond, for the conversion of all the goods so taken by the officer, and recovered therein a judgment against the defendants for the sum of $3,416.65 damages and costs of suit for the goods taken at the request and appropriated to the use and benefit of the plaintiff herein, as well

as for the goods described in said Exhibit B; that subsequently Bollman instituted an action in the district court of Madison county against said McClary, Pilger, and Pasewalk, upon said indemnifying bond, for the purpose of compelling the plaintiff herein to pay for the property described in Exhibit B, and for and on account of the said judgment recovered by said Deere, Wells & Co.; that Bollman in his said action on said bond, for the purpose of cheating and defrauding the Norwegian Plow Company, unlawfully and fraudulently averred that the said judgment of Deere, Wells & Co. was recovered on account and for goods taken by Bollman upon said executions, although in fact said judgment was not obtained for such purpose, as Bollman well knew at the time of bringing his suit, but on account of and for the goods described in Exhibit B, as well as for the goods mentioned and set forth in Exhibit A. The petition further charges that Bollman prosecuted his said action to final judgment, recovering therein against Pilger, McClary, and Pasewalk for the sum of $3,797.87, for the value of the goods, including those converted by him; that the undertaking was for the use and benefit of plaintiff, and that the latter is liable to the sureties for any and all moneys they may be compelled to pay Bollman on account of the giving of said undertaking; that the judgment obtained by Bollman is in full force and unpaid; that plaintiff is now, and at all times has been, ready and willing to account to Bollman for all property taken upon said executions, and to indemnify and save him harmless for all costs and damages resulting from such seizure, and is ready and willing and offers to pay into court for his benefit all moneys

justly due Bollman on account thereof, together with all costs and expenditures incurred by him, which plaintiff ought equitably and fairly to pay on such account; that Bollman and Rothwell are insolvent; that the former has caused execution to be issued upon his judgment and placed the same in the hands of said defendant Losey as sheriff, who threatens to levy the same upon the property of Pilger, McClary, and Pasewalk. The petition contains other averments, which will be adverted to further on.

The defendants, for answer, admit that Tyrell is clerk of the district court and Losey is sheriff of Madison county; that Bollman was sheriff of Knox county and Rothwell was his deputy; admit the recovery of the judgments in the justice court by the Norwegian Plow Company, the levy of the execution by the deputy sheriff upon the goods in the possession of Fischer, the recovery of the judgment by Deere, Wells & Co. in the circuit court against Bollman, the institution of the suit by the latter, and the recovery of the judgment against the sureties on the bond, and deny all other averments of the petition. The defendants also allege that at the time the suit was commenced by Deere, Wells & Co. the plaintiff herein was notified thereof, and employed counsel to defend the same and had exclusive control of the defense therein; and that upon the institution of the said suit against the sureties the Norwegian Plow Company was notified of the fact, employed counsel to defend it, and had full control of the defense and paid all the expenses in connection with the defense of said action.

For reply plaintiff admits that it was advised of the fact of the commencement of the actions

referred to in the petition, denies all other allegations of the answer, and alleges that at the time of the commencement of the action in the circuit court, and at the time of the rendition of the judgment, plaintiff had no notice or knowledge that Bollman or his deputy had converted to their own use a large portion of the property for the value of which said suit was brought, and had no knowledge of such conversion until after the recovery of the judgment sought to be enjoined herein.

Judgment having gone against the plaintiff in the case at bar upon the pleading, in reviewing the decision of the trial court we must regard as true every fact well pleaded in the petition, and that every allegation of the answer, put in issue by the reply, should be taken as not true. In other words, if the facts set up in the petition, taken in connection with the admission of the plaintiff in the reply that it had notice at the time of the pendency of the action of Deere, Wells & Co. against Bollman and that of Bollman against the sureties on the indemnifying bond, were insufficient to entitle the plaintiff to enjoin the enforcement of the judgment in question, the order of dismissal was properly entered.

It is too well settled by the courts of this country to require the citation of authorities in support thereof that in a proper case equity will grant relief against a judgment fraudulently obtained, when a meritorious cause of action or defense is shown. An exception to this general rule is that a judgment at law obtained through the fraudulent conduct of the judgment creditor will not be enjoined where the defense could have been made at law. Stated differently, a court of equity will not interfere because of fraud alone,

but the person aggrieved must make it appear that a good reason existed why the defense was not interposed in the original suit.   As stated by Mr. High in his valuable work on Injunctions: "Where defendant has allowed a suit to proceed to judgment without any attempt on his part to obtain proof, an injunction will not be allowed on the ground of fraud in the original transactions on which the suit was founded.   So where the fraud relied upon might have been used as a defense to the action at law, but it does not appear whether it was so used, or whether defendant neglected to avail himself of it, the judgment will not be restrained."   (1 High, Injunctions, sec. 194.)   Applying the principles already stated to the case made by the pleadings, it is plain that plaintiff is not in a position to invoke the aid of equity to prevent the enforcement of the judgment obtained against the sureties upon the ground of fraud.   The act of fraud imputed to Bollman and his deputy consisted in converting to their own use certain property of Deere, Wells & Co. at the time of the levying of the executions against Fischer and in suing for and recovering the value thereof against the sureties upon the indemnifying bond.   It is true that both in the reply, and one place in the petition, it is stated that plaintiff had no knowledge of such conversion until after the rendition of the judgment in favor of Bollman and against the sureties; but such allegation is inconsistent with the following averment of the petition: "Plaintiff further alleges that prior to the bringing of said action against Pilger, McClary, and Pasewalk, and against this plaintiff, the Norwegian Plow Company offered to account to and pay said defend-

ant Bollman for all the property levied upon by
him or by said defendant Rothwell on said judg-
ment in favor of this plaintiff and against said
Fischer, together with all damage, costs, or other
expenditures occasioned or incurred by said Boll-
man or Rothwell, or either of them, on account of
and for the seizure and sale of property claimed
by Deere, Wells & Co. under and by virtue of said
executions, and that said defendant Bollman, un-
lawfully and fraudulently, and for the purpose of
cheating, wronging, and defrauding this plaint-
iff for property so taken and sold, then de-
manded that this plaintiff should account to and
pay said defendant Bollman for the property
taken by said defendants Bollman and Rothwell
and converted by them to their own private use."

The foregoing quotation from the petition is an
admission, it seems to us, that plaintiff, prior to
the inception of the suit in which the judgment
sought to be enjoined was pronounced, was fully
cognizant of the alleged fraudulent conduct of
Bollman and his deputy, of which complaint is
now made. If that is not a fair inference to be
drawn from said averment of the petition, we are
at a loss to know why this plaintiff offered to pay
merely for the property seized and sold under the
executions, together with costs. He must have
been apprised that property belonging to Deere,
Wells & Co. other than that applied upon the exe-
cutions had been taken by the sheriff, and for
which the latter claimed compensation, since the
petition avers that when the proposition of settle-
ment was made by plaintiff, that Bollman "then
demanded that this plaintiff should account to
and pay said defendant Bollman for the property
taken by said Bollman and Rothwell and con-

verted to their own use." The allegation of want
of notice in the reply must be disregarded, as to
the petition alone we must look for the statement
of the facts constituting plaintiff's cause of action.
Two allegations of the petition in regard to notice
or knowledge of the alleged fraud being incon-
sistent with each other, we must regard as true
and give effect to the one which is against the
interest of the plaintiff. This is but an applica-
tion of the rule that a pleading, when attacked by
demurrer, and such is the nature of the motion to
dismiss, is to be construed most strongly against
the pleader. It does not appear that plaintiff
exercised due diligence. Having notice of the
alleged fraud, he should have urged that as a
defense to the suit on the bond of indemnity. We
know, although outside of the record before us,
from the opinion in *Pasewalk v. Bollman*, 29 Neb.,
522, which cannot properly be considered here,
that the sureties in their answer interposed the
defense that the judgment recovered by Deere,
Wells & Co. "was for the conversion of goods by
plaintiff and his agents other than the goods
taken by Rothwell under said executions."

Moreover, the petition herein is defective for
another reason. It contains no averment as to
the value of the goods not levied upon by the sher-
iff which it is claimed he converted to his own use.
The petition refers us to Exhibit B for the value
of the property, but it is not there stated, except
a trifling sum appears opposite a few of the arti-
cles alone. For all that this record shows, they
may have been of little or no value. It does not
appear that the judgment obtained by Bollman
exceeded the value of the property sold and ap-
plied on the executions in favor of the Norwegian

Plow Company, including Bollman's damages and costs growing out of the transaction. For this reason there is no equity in the bill. (*Scofield v. State Nat. Bank of Lincoln,* 9 Neb., 316.)

AFFIRMED.