ANNA D. SCHALLENBERG, APPELLEE, V. CARL KROEGER ET AL., APPELLANTS.

FILED DECEMBER 7, 1906. No. 14,541.

1. **Suits: CONSOLIDATION.** Where the defendant in a suit to quiet title files a separate suit against the plaintiffs asking the same relief against them with respect to the same property, and the two suits are consolidated, the parties are in no different position than if, instead of a separate suit, the plaintiff in such separate suit had filed a cross-petition in the original suit asking for a decree quieting her title.

2. **Decrees: VACATION.** Although separate decrees are entered after such consolidation, they are, in effect, one decree, and an order vacating the one vacates both.

3. **Record, Correction of: REVIEW.** Error cannot be predicated on an order correcting a record, making it show expressly what it already shows by necessary implication.

APPEAL from the district court for Dodge county: JAMES A. GRIMISON, JUDGE. *Affirmed.*

*Courtright & Sidner,* for appellants.

*Loomis & Maynard, contra.*

ALBERT, C.

On the 12th day of July, 1899, two suits were pending in the district court for Dodge county between the same parties, which we shall hereafter refer to as case No. 1, and case No. 2, respectively. In case No. 1 Carl and .Theodore Kroeger were plaintiffs, and Mrs. Anna D. Schallenberg was defendant. In case No. 2 the parties were in reverse order. The pleadings in case No. 1 are not before us, but from the proceedings had, and the answer filed in the other case, it appears that the plaintiffs sought to quiet their title to certain real estate as against the defendant. In case No. 2 the plaintiff sought to quiet her title to the same real estate as against the defendants. On the date mentioned, the parties agreed in open court that the two cases "be tried as one case." The cases came on for trial on the 19th day of June, 1903. At that time Mrs. Schallenberg was mentally incompetent, and her attorney, for some reason, had withdrawn from the cases. A trial was had in her absence, and without anyone appearing for her. The two cases were tried at the same time, and submitted on the same evidence, but separate decrees were entered, one in case No. 1 quieting and confirming the title of the plaintiffs therein to the land in controversy, and one in case No. 2 dismissing the bill. Afterwards a guardian was appointed for Mrs. Schallenberg, who, during the term at which the decrees were entered, filed a motion purporting to be filed in case No. 1, and containing no reference to case No. 2, asking for a vacation of the decree, and for opportunity to make a defense for his ward. A hearing was had on this motion,

at which the Kroegers were represented by counsel, and the motion was allowed, and an order vacating the findings and decree was entered on the 7th day of November, 1903. This order on its face refers only to the findings and decree in case No. 1. At a subsequent term the guardian filed a motion, entitled in case No. 2, for the entry of an order *nunc pro tunc* vacating the decree in that case. This motion was made on the theory that, while the motion for the vacation of the decree was entitled in case No. 1, it was, in effect, a motion for a vacation of both decrees, and was so considered by the court, and that the order of the court thereon was in fact that both decrees be vacated. The motion for the order *nunc pro tunc* was allowed, and an order entered as of November 7, 1903, vacating the decree in case No. 2. From the order allowing this motion the Kroegers appeal to this court.

It may well be doubted whether the entry of the order *nunc pro tunc* was necessary to protect the rights of the party on whose behalf the motion therefor was made. The two suits involved precisely the same issues. In case No. 1 the Kroegers prayed for a decree quieting their title as against Mrs. Schallenberg; in case No. 2 she prayed for a like decree against them. When the cases were consolidated for trial they became one case. Thereafter the parties were in no different position than they would have been in had Mrs. Schallenberg filed a cross-petition in case No. 1, asking a decree quieting her title, instead of commencing a separate suit asking such relief. That two decrees were entered instead of one is a mere matter of form. They constitute, in fact, a single decree disposing of the issues in a single controversy. An order vacating such decree, under whichever title entered upon the record, is an order vacating the entire decree, that is, the decree disposing of the entire controversy. As such was the legal effect of the order actually made vacating the decree, there could be no error in permitting the record to show expressly what would necessarily be implied therefrom.

We recommend that the order for the entry of the order of vacation *nunc pro tunc* be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order for the entry of the order of vacation *nunc pro tunc* is

AFFIRMED.