HANS A. PAHL, APPELLEE, V. JOHN SPRAGUE, APPELLANT.
No. 32709.

JOHN E. SPRAGUE, APPELLANT, V. HANS PAHL, APPELLEE.
No. 32715.
42 N. W. 2d 367

Filed April 27, 1950.

*Pilcher & Haney,* for appellant.

*Gross, Welch, Vinardi & Kauffman, John F. Mackenzie, T. F. Hamer,* and *Wear & Boland,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Hans Pahl brought an action against John Sprague to recover for personal injuries and property damages resulting from a collision of cars driven by them at the intersection of 64th and Miami Streets in Omaha.  John

Sprague filed a separate action against Hans Pahl to recover damages to the car driven by him resulting from the same accident.

Upon motion of John Sprague, the cases were consolidated for trial to a jury. In conformity therewith, the trial proceeded without objection as one case, upon Hans Pahl's petition as if he were plaintiff, and upon John Sprague's petition as if he were a cross-petitioning defendant. Thus, the parties will be generally designated herein by name, or as plaintiff and defendant.

After plaintiff had rested, defendant's motion for directed verdict was overruled, and, at the conclusion of all the evidence, the respective motions of both plaintiff and defendant for directed verdict were overruled. The cause was submitted to the jury, which, in its verdict, found for plaintiff and against defendant, and awarded plaintiff $300 damages.

Thereafter defendant in due time filed a motion for judgment notwithstanding the verdict, and separately filed a motion for new trial, not only upon plaintiff's petition but also upon defendant's petition theretofore treated as a cross-petition. Plaintiff also filed a motion for new trial, and thereafter orally joined with defendant in his motion for new trial. All such motions were argued and submitted on June 24, 1949, whereupon the trial court entered an order and judgment overruling defendant's motion for judgment notwithstanding the verdict, but vacating and setting aside the verdict and granting a new trial, "plaintiff having joined in defendant's motion for new trial." Notwithstanding, however, the trial court thereafter on August 1, 1949, entered an order and judgment in which defendant Sprague's petition was dismissed and his motion for new trial was overruled, the effect of which was not only to deny defendant a new trial theretofore granted, but also to reinstate a part of the verdict theretofore vacated and set aside, and enter a judgment notwithstanding the verdict for plaintiff and against defendant, upon his

cross-petition, without any motion for judgment notwithstanding the verdict ever having been filed by plaintiff Pahl.

Although consolidated. for trial upon defendant's motion, and in conformity therewith tried as one case under one set of instructions with but one verdict returned, the two purportedly separate cases were each appealed to this court by defendant, who filed two separate transcripts but only one bill of exceptions. Thus, the cases were separately. briefed and argued, but they will be disposed of as one case in one opinion.

With reference to Sprague v. Pahl, appellant Sprague assigned that the trial court erred in denying him a new trial upon his petition. We sustain that contention.

In that regard, this court has heretofore established that when the cases were properly consolidated for trial they became one case, after which the parties were in no different position than they would have been had Pahl filed a petition and defendant a cross-petition in the same action, wherein one verdict and judgment would dispose of the entire controversy. Schallenberg v. Kroeger, 77 Neb. 738, 110 N. W. 664. By analogy, from the holding in such cited case, the vacating and setting aside of the single verdict rendered therein and granting a new trial in the case at bar disposed of and granted a new trial of the entire controversy.

In the absence of any motion for judgment notwithstanding the verdict filed by plaintiff, the trial court had no authority or power to dismiss defendant's petition, the effect of which was to enter a judgment notwithstanding the verdict. In order to be entitled to the benefit of the special procedure, of which section 25-1315.02, R. R. S. 1943, is a part, plaintiff was required not only to timely make a motion for directed verdict, but when that was refused, to thereafter timely file a motion for judgment notwithstanding the verdict. In re Estate of Kinsey, *ante* p. 95, 40 N. W. 2d 526; Hamilton v. Omaha & Council Bluffs St. Ry. Co., *ante* p. 328,

41 N. W. 2d 139; Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533.

Plaintiff did not comply with the statute, and, as hereinafter observed, both parties having filed motions for new trial and joined in a request for like relief in the same action, the granting thereof was binding alike upon both parties, and automatically granted a new trial of the whole case both upon plaintiff's petition and defendant's cross-petition. As stated in Star Bottling Co. v. Louisiana Purchase Exposition Co., 240 Mo. 634, 144 S. W. 776, wherein both parties filed motions for new trial: "If the bottling company was alone loosed by the new trial, and the exposition company was left bound by the old trial, then indeed would it have a grievance. But it is not so, a new trial for one is a new trial for both in all that term implies."

We therefore reverse the order and judgment in Sprague v. Pahl, No. 32715, and remand the cause with directions to award Sprague a new trial upon his petition as if it were a cross-petition in and consolidated with Pahl v. Sprague, No. 32709, hereinafter affirmed. Whether or not the trial court should have entered a judgment notwithstanding the verdict had plaintiff filed such a motion therefor upon the ground that Sprague was not the owner of the car for which he sought damages, we need not discuss nor decide.

With reference to Pahl v. Sprague, defendant assigned that the trial court erred: (1) In overruling defendant's motion for directed verdict and his motion for judgment notwithstanding the verdict; and (2) in the granting of a new trial. We conclude that the assignments have no merit.

The second assignment is disposed of by the well-established and elementary rule that: "A party cannot predicate error upon a ruling which he procured to be made." Norwegian Plow Co. v. Bollman, 47 Neb. 186, 66 N. W. 292, 31 L. R. A. 747.

As stated in Omaha Fire Ins. Co. v. Maxwell, 38 Neb.

358, 56 N. W. 1028: "The ruling or decision complained of was made at the request of the plaintiff in error, and to now permit it to assign the same for error would be a violation of the plainest principles of law. A party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his consent, or upon his own application."

In Missouri P. Ry. Co. v. Fox, 60 Neb. 531, 83 N. W. 744, it was held: "It is a sound and salutary principle that a party can not be heard to complain of an error which he himself has been instrumental in bringing about." See, also, In re Estate of Mattingly, 121 Neb. 90, 236 N. W. 175; Tucker v. Paxton & Gallagher Co., *ante* p. 622, 41 N. W. 2d 911.

In 5 C. J. S., Appeal and Error, § 1512, p. 225, it is said: "One may not complain of errors in respect of proceedings upon motions where he committed or invited such errors. The entry of an order granting or denying a motion cannot be assigned as error by one who procured, invited or condoned the making and entry of the order, as in the case of orders on a motion to dismiss the cause or a motion for new trial."

As a matter of course, the rules heretofore stated had application to both parties, plaintiff and defendant, as well as both causes of action, since each filed motions for new trial and joined in a request for like relief in the same action. In that situation, defendant could not complain of the granting of a new trial, and just as logically, plaintiff would be estopped to deny defendant the right to a new trial. In other words, the granting of a new trial in general terms had application to the whole case on all the issues made therein by the parties. Star Bottling Co. v. Louisiana Purchase Exposition Co., *supra;* Wray v. Ferris, 184 Okl. 132, 85 P. 2d 402; Fitzroy v. People's Bank of Cardwell (Mo. App.), 195 S. W. 520; National Union Fire Ins. Co. v. Forkner, 219 Ky. 119, 292 S. W. 765; Briggs v. Shepler, 115 Kan. 614, 224 P. 61; Larson v. Hanson, 207 Wis. 485, 242 N. W. 184; 39 Am.

Jur., New Trial, § 204, p. 201; 46 C. J., New Trial, § 512, p. 436.

Defendant's first assignment requires an examination of the record in the light of certain legal principles, since defendant argued that plaintiff had failed to establish that defendant was negligent in any manner alleged, and that recovery by plaintiff was precluded because the evidence disclosed that he was guilty of negligence more than slight as a matter of law. We conclude that the contention has no merit.

In Umberger v. Sankey, 151 Neb. 488, 38 N. W. 2d 21, this court held: "A motion for a directed verdict or for judgment notwithstanding the verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence.

"In negligence cases the trial court should sustain a motion for directed verdict, or for judgment notwithstanding the verdict, only when the evidence, viewed in the light most favorable to the party against whom the motion is directed, fails to establish actionable negligence.

"In a law action, it is error for the trial court to direct a verdict for either of the parties on an issue of fact on which the evidence is conflicting. Such issue should be submitted to the jury for its determination." See, also, Hamilton v. Omaha & Council Bluffs St. Ry. Co., *supra,* wherein it was held: "In an action where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him."

In Simcho v. Omaha & Council Bluffs St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501, it was held: "Negligence is a question of fact and may be proved by circumstantial

evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be legitimately drawn from them, shall indicate, with reasonable certainty, the negligent act complained of."

In Costello v. Hild, *ante* p. 1, 40 N. W. 2d 228, it was held: "If contributory negligence is relied upon by defendant as an affirmative defense, the burden is upon him to prove it by a preponderance of the evidence, except insofar as it may appear in the plaintiff's evidence."

In Elliott v. Swift & Co., 151 Neb. 787, 39 N. W. 2d 617, it was held: "When a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. If he fails to see an automobile not shown to be in a favored position, the presumption is that its driver will respect his right-of-way and the question of his contributory negligence in proceeding to cross the intersection is a jury question.

"Where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury. It is only where the evidence shows beyond dispute that plaintiff's negligence is more than slight as compared with defendant's negligence, that it is proper for the trial court to instruct the jury to return a verdict for defendant." See, also, Gorman v. Dalgas, 151 Neb. 1, 36 N. W. 2d 561.

This court long ago held that: "A jury is not bound to blindly accept as true all testimony which is not directly contradicted or impeached. The testimony of a witness should be weighed in connection with all the facts in the case." Murphey v. Virgin, 47 Neb. 692, 66 N. W. 652.

It is elementary that: "The credibility of witnesses and the weight to be given their testimony are questions

for the jury." Gutoski v. Herman, 147 Neb. 1001, 25 N. W. 2d 902.

In the light of the foregoing applicable rules, we will briefly summarize and consider the relevant competent evidence adduced by plaintiff, which is substantially as follows: The accident occurred in the intersection of 64th and Miami Streets in Omaha. Plaintiff approached the intersection from the right and defendant from the left. Miami Street runs east and west and 64th Street runs north and south. They are each paved streets, approximately 24 feet wide. From the east, Miami Street slopes west down to the intersection with 64th Street. On the other hand, 64th Street slopes north more steeply down to the intersection. The intersection itself is almost level, although the west side thereof slopes slightly to the west. On the southeast corner of the intersection is a house, with a porch facing west, standing on a terraced bank approximately four feet above the intersecting sidewalks and streets. A privet hedge approximately four and one-half feet high extends east and west along the north side of the bank and the south side of Miami Street up to the sidewalk intersection. A large maple tree stands in the southwest corner of such intersecting sidewalks, a few feet east of the east 64th Street curb line. There are two other smaller trees south of it. Thereby, concededly, the view of persons driving cars and approaching the intersection from either the east or the south was obstructed up to a point near the intersection.

On October 5, 1947, at about 4 p. m., plaintiff drove his 1934 Chrysler car from the east to the west on Miami Street. The car was in fair mechanical condition, with good brakes, having recently been approved by the Omaha testing station. He stopped at the stop sign at 63d Street, and approached 64th Street driving at 20 to 22 miles an hour, on the right side of the street. When plaintiff was about 10 or 15 feet from the intersection, he first looked north, then south, and seeing no cars ap-

proaching, entered the intersection. When the front of his car was about even with the center of 64th Street, plaintiff looked south again, and first observed the car driven by defendant, coming from the left or south almost upon him. He could not estimate defendant's speed, but a broadside collision seemed imminent, and plaintiff turned to the north to avoid an impact. However, when plaintiff's car was across the center line of 64th Street and the front end of his car was only about six feet east of the west curb line of 64th Street, the right front of defendant's car collided with the left side of plaintiff's car at about the point where plaintiff driver was sitting. Broad sidewise skid marks one and one-half to two feet long, caused by plaintiff's car, extended from the point of impact northwest toward the curb, which plaintiff's car struck and turned over on its top, against a tree, with the rear thereof near the east and west crosswalk, at the northwest corner of the intersection. Skid marks caused by defendant's car extended from about the south walk crossing 64th and Miami Streets east and west to a point at about the center of the intersection, then went sharply to the left or west a foot or two.

After the accident, defendant's car was turned around upright, headed south or slightly southwest, at about the center of the intersection. Both cars were damaged, and plaintiff received personal injuries. The amount of such damages is unimportant here. During the trial, the manner of the accident was demonstrated by both parties with toy cars.

Plaintiff admitted that during the afternoon he had two or three beers, but denied that he was intoxicated, and there was competent evidence adduced by him corroborating that contention. His testimony that "I would say I was first in the intersection" was, upon motion of defendant, properly stricken from the record, upon the ground that no sufficient foundation had been laid, since under the circumstances it was not a statement of fact observed by him, but only a conclusion of the witness.

From the foregoing evidence the jury could reasonably have concluded that defendant Sprague was driving at an unlawful and excessive rate of speed, failed to maintain a proper lookout and have his car under reasonable control, failed to yield the right-of-way, and failed to stop or turn his automobile to avoid a collision, as alleged by plaintiff and submitted in instructions given by the trial court.

The evidence adduced in defendant's behalf upon the issues of negligence and contributory negligence was generally in conflict with that adduced by plaintiff. To summarize it herein would serve no purpose. It is sufficient to say that the issues of negligence and contributory negligence as alleged by the respective parties and submitted by the trial court were for the jury.

For the reasons heretofore stated, we conclude that the order and judgment of the trial court in Sprague v. Pahl, No. 32715, should be and hereby is reversed, and that the order and judgment in Pahl v. Sprague, No. 32709, should be and hereby is affirmed. Therefore, Sprague v. Pahl is hereby reversed and remanded with directions that the trial court enter an order granting a new trial therein, consolidated with Pahl v. Sprague as one case, not only upon the issues presented by Pahl's petition in Pahl v. Sprague, but also upon the issues presented by Sprague's petition in Sprague v. Pahl, to be tried as if it were a cross-petition in the same action.

AFFIRMED IN NO. 32709. REVERSED AND REMANDED WITH DIRECTIONS IN NO. 32715.