ANZALONE INVESTMENT COMPANY, APPELLANT, v. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.

137 N. W. 2d 857

Filed November 19, 1965. No. 35893.

Shrout, Hanley, Nestle & Corrigan, for appellant.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, James E. Fellows, Allen L. Morrow, and P. D. Spenceri, for appellee.

Gross, Welch, Vinardi, Kauffman & Schatz, amici curiae.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Douglas County finding that ordinance No. 22908 of the city of Omaha, zoning Lot 11, Block 14, West End Addition to the City of Omaha from C-1 to R-9, to be valid and enforcible against the owner, Anzalone Investment Company. The Anzalone Investment Company filed a motion for a new trial which was overruled.

In overruling the motion for a new trial the court entered the following order: "This cause now comes on for hearing upon the motion of Plaintiff for a New Trial. Whereupon by agreement of the parties, it is by the Court ordered that said motion be, and hereby is overruled." As this court has many times held, the record of the trial court for the purpose of all appellate proceedings, when certified as required by law, imports absolute verity. A transcript of the orders or judgment entered is the sole, conclusive, and unimpeachable evidence of the proceedings in the district court. Worley v. Shong, 35 Neb. 311, 53 N. W. 72; Chadron Banking Co. v. Mahoney, 43 Neb. 214, 61 N. W. 594. The correctness of the record may not be assailed collaterally in this court. First Trust Co. v. Glendale Realty Co., 125 Neb. 283, 250 N. W. 68.

The record before this court conclusively shows that plaintiff's motion for a new trial was overruled by agreement of the parties. It is the long-established rule in this court that a party will not be heard to complain of

errors which he himself invited. Tucker v. Paxton & Gallagher Co., 152 Neb. 622, 41 N. W. 2d 911; Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367; Ripp v. Riesland, 170 Neb. 631, 104 N. W. 2d 246; Robins v. Sandoz, 175 Neb. 5, 120 N. W. 2d 360.

In Pahl v. Sprague, *supra*, the following is quoted with approval: "The ruling or decision complained of was made at the request of the plaintiff in error, and to now permit it to assign the same for error would be a violation of the plainest principles of law. A party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his consent, or upon his own application."

The plaintiff, having joined with the defendant in consenting to the overruling of the motion for a new trial, has barred itself from a review here of the assignments of error set out therein.

For the reasons stated, plaintiff's appeal is dismissed.

APPEAL DISMISSED.