CAROLYN K. (LONG) REINERTSON, APPELLEE, v. MARVIN L. R. LONG, APPELLEE, PAUL H. LONG, INTERVENER-APPELLANT.

253 N. W. 2d 40

Filed April 27, 1977. No. 40972.

James R. Kelly of Johnson, Kelly & Spencer, for intervener-appellant.

Robert A. Munro and Andrew J. McMullen, for appellee Reinertson.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

This is an appeal from a District Court judgment sustaining a motion to strike a petition in interven-

tion in an action for modification of a divorce decree. We affirm.

In a petition filed in the District Court for Custer County on May 25, 1967, Carolyn K. (Long) Reinertson, appellee, herein, prayed for an absolute divorce from her husband, Marvin L. R. Long. In a decree filed on December 29, 1967, a divorce was granted; and incorporated into the decree was a property settlement agreement between the two parties. Under the property settlement agreement, Carolyn assigned to Marvin her equitable interest in certain real estate in return for his agreement to assume and hold her harmless from all claims imposed on the real estate, and from all other bills outstanding against the parties at the time.

On March 17, 1976, Carolyn filed a petition in equity for modification of the decree. In her petition she alleged that she had assigned to Marvin her interest in the real estate in consideration of his representation that he would assume all the bills outstanding against the parties at the time of the divorce; and that he would hold her harmless from all claims imposed on the real estate and all other bills outstanding at that time. The petition also alleged that the real estate had been conveyed by the parties in 1967, in trust, to intervener-appellant, Paul H. Long, as trustee. Carolyn alleged that Marvin had failed to hold her harmless from debts as he agreed to in the property settlement agreement, and prayed that the assignment of her interest in the real estate to Marvin be set aside, and that her interest in the realty be restored to her.

A summons was served on Marvin, ordering him to answer the petition on or before April 26, 1976. Marvin did not answer within the time prescribed, and on May 21, 1976, the court entered judgment, finding that the allegations of the petition for modification were true, and reinstated and restored Carolyn's interest in the real estate. On that same day,

Paul H. Long, intervener-appellant herein, filed a petition of intervention in the case, alleging that in equity he had an absolute right to full title and ownership of the real estate in question. He requested that the court declare that he be the owner of the real estate subject to the interest of a third party under a land contract.

On May 25, 1976, Carolyn moved the trial court to strike the petition in intervention, alleging that it was irrelevant to the case; that it was filed without notice to the parties and without leave of court; and that the petition in intervention showed on its face that Paul H. Long had no claim or interest in the matter in litigation, or in the claims or interests of the parties. A hearing was had on the motion to strike the petition in intervention on June 25, 1976. At that time counsel for Carolyn stated: "It is my understanding, Your Honor, that Mr. Kelly, counsel for the Petitioner in Intervention, is willing at this time to submit the matter of our Motion to Strike the Petition in Intervention without further argument and the Court enter its order striking it as prayed in the Motion. Is that right Mr. Kelly?" Mr. Kelly responded: "That is fine." Counsel for Carolyn then stated to the trial court: "Accordingly we ask that the Court order the Petition for Intervention, filed by Paul Long, stricken from the file." The trial court replied: "You can journal it and send it to me." On June 25, 1976, the trial court issued an order sustaining the motion to strike the petition in intervention.

The appellant filed no motion for new trial after the trial court sustained the motion to strike, but filed a notice of appeal from the decision on July 15, 1976. In his brief, appellant lists two assignments of error: (1) The trial court erred by not requiring the plaintiff (Carolyn) to introduce evidence at the hearing on the motion to strike the petition in intervention; and (2) the decision of the trial court to dismiss

the petition in intervention, without a hearing on its merits, was not supported by the evidence and was contrary to law.

In his brief, the appellant contends that he had an absolute right to intervene in the action, and that Carolyn did not sustain her burden of establishing necessary facts to support the motion to strike the petition in intervention. It is true that under section 25-328, R. R. S. 1943, any person who has or claims an interest in the matter in litigation may intervene. Our reading of the bill of exceptions, however, indicates that counsel for the appellant at the time of the hearing on the motion to strike, agreed that the motion be sustained. At oral argument, counsel for appellant contended that no such agreement was reached, and that the agreement was only that the motion be submitted to the court without argument. This argument is without merit. The dialogue between counsel for the parties and the trial court, set forth in full above, is not ambiguous. Counsel for the appellant not only agreed that the motion should be submitted without argument, but also that "the Court enter its order striking it as prayed in the Motion." Accordingly, counsel for Carolyn asked that the petition be stricken, and the trial court, at that time, indicated that it would be so stricken.

In Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367 (1950), this court stated that a party can not be heard to complain of an error which he himself has been instrumental in bringing about; and that a party is not entitled to prosecute error upon the granting of an order when the same was made with his consent. "It is the long-established rule in this court that a party will not be heard to complain of errors which he himself invited." Anzalone Investment Co. v. City of Omaha, 179 Neb. 314, 137 N. W. 2d 857 (1965). The appellant had a full opportunity to present argument or evidence at the hearing in the trial court, or to simply require Carolyn to go

forward with her burden on the motion. Instead the appellant chose to consent to the trial court sustaining the motion. He cannot now complain of the decision of the trial court when he consented to it, and was instrumental in bringing it about.

The judgment of the District Court was correct and is hereby affirmed.

AFFIRMED.